IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSHUA P. BRAITHWAITE,

                     Plaintiff,

    v.                                                 ORDER

JOHN KIND and JAY VAN LANEN             22-cv-646-wmc

                     Defendants.

Plaintiff Joshua Braithwaite, who is representing himself, claims that defendants Security Director John Kind and Captain Jay Van Lanen violated his Eighth Amendment rights by placing him in administrative confinement and transferring him to WSPF despite knowing those transfers would exacerbate his mental health problems. This order addresses several motions pending in this case.

First, plaintiff filed a motion asking that the court deny any motion filed by defendants regarding exhaustion of his administrative remedies. (Dkt. #27.) This motion will be denied as moot because defendants did not file a motion for summary judgment challenging plaintiff's exhaustion of his administrative remedies.

Second, plaintiff filed a motion asking the court to clarify whether certain documents he requested from defendants in discovery would be relevant to his claims. (Dkt. #30.) That motion will be denied because the court does not have access to the documents to which plaintiff refers; nor can the court provide legal advice to plaintiff. If plaintiff believes that defendants are withholding documents that would be relevant to his claims, he should first confer with defendants' attorneys about obtaining those documents. If unsuccessful, plaintiff

may file a motion to compel those documents with the court, explaining what efforts he made to obtain them and why he believes they are relevant to his claims.

Third, plaintiff filed a motion requesting a hearing on the grounds that defendants are denying him access to DAI policy 306.00.08 and plaintiff's own mental health screening. (Dkt. #33.) This motion will be denied as moot because defendants filed a copy of the policy and plaintiff's mental health screening, under seal, with their summary judgment materials. (Dkts. ##51, 52.) Defendants explain that the documents are restricted by the Department of Corrections for safety and security reasons, but that they provided plaintiff access to the documents via the litigation coordinator at CCI where plaintiff resides. If plaintiff believes he has not had sufficient access to the documents, he may file a motion to compel additional access with the court, after conferring with CCI's litigation coordinator and defendants' attorneys.

Fourth, plaintiff filed a motion objecting to defendants' request for additional time. (Dkt. #42.) That motion will be denied as moot, both because defendants' motion was granted already, and because plaintiff identified no prejudice from the additional time.

Fifth, plaintiff filed a motion for clarification of the briefing schedule (dkt. #55), which will also be denied as moot, as the parties' cross motions for summary judgment are now fully briefed by both sides. For the same reason, defendants' motion for an extension of time to file their reply brief (dkt. #60) is granted. The court will address the parties' cross motions for summary judgment in a separate order.

ORDER

IT IS ORDERED that:

1. Plaintiff Joshua Braithwaite's motion regarding exhaustion (dkt. #27), motion for clarification (dkt. #30), motion for a hearing (dkt. #33), motion regarding summary judgment (dkt. #42), and motion for clarification (dkt. #55) are DENIED for the reasons set forth above.

2. Defendants' motion to seal (dkt. #50) and motion for extension of time (dkt. #60) are GRANTED.

Entered August 21, 2024.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge