IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA P. BRAITHWAITE,

                      Plaintiff,

   v.                                                  OPINION and ORDER

JOHN KIND and JAY VAN LANEN                22-cv-646-wmc

                      Defendants.

---

      Plaintiff Joshua Braithwaite, who is representing himself, moves for reconsideration of this court's decision granting summary judgment to defendants on his claims that prison security staff violated his Eighth Amendment rights by placing him in administrative confinement and transferring him to a different prison despite knowing those transfers would exacerbate his mental health problems. (Dkt. #68.) Plaintiff argues that the court's decision was erroneous for two reasons.

      First, he contends that the court erred by failing to hold defendant Kind responsible for keeping plaintiff in restrictive housing for an additional two days, where it is clear from prison regulations that plaintiff should have been released as soon as the administrative confinement committee found that continued separation was unwarranted. However, the court noted in its summary judgment decision that Kind had misinterpreted the applicable regulation (dkt. #66, at 4, n.1), but that his error was not a constitutional violation, particularly where plaintiff had no evidence that Kind believed that an additional two days in segregation would be detrimental to plaintiff's serious mental health needs. (*Id.* at 9.)

      Second, plaintiff contends that the court failed to acknowledge that he should not have been transferred to WSPF due to his history of serious mental illness and self-harming

behaviors. However, the court explained that plaintiff's claim failed because neither defendant Kind nor defendant Van Lanen were responsible for diagnosing plaintiff's mental illnesses, assigning his mental health code or making the decision whether WSPF was an appropriate placement for him. Although both defendants may have been aware of plaintiff's referral to WSPF, they were ultimately not responsible for deciding whether the transfer would be detrimental to his mental health needs.

Plaintiff raises no other meritorious arguments for reconsideration, so his motion will be denied.

## ORDER

IT IS ORDERED that plaintiff Joshua Braithwaite's motion for reconsideration (dkt. #68) is DENIED.

Entered this 12th day of November, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge